**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCISCO MADRIGAL-BARRERA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No. 16-73727<br><br>Agency No. A078-101-944<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2019[**]
Seattle, Washington

Before: O'SCANNLAIN, KLEINFELD, and FRIEDLAND, Circuit Judges.

Francisco Madrigal-Barrera ("Madrigal") petitions for review of an order by

the Board of Immigration Appeals ("BIA") denying his attempt to rescind his 2006

order of removal so that he can apply for adjustment of status in his current

removal proceedings. The Government does not contest that if Madrigal could

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

establish that a due process violation occurred in his 2006 removal proceedings and that the violation rose to the level of a gross miscarriage of justice, he could rescind the prior removal order. We therefore assume without deciding that rescission of the 2006 order of removal would be available on such showings. Because we hold that substantial evidence supports the agency's factual determinations underlying its conclusion that no due process violation occurred, we deny Madrigal's petition for review.

Madrigal contends that he did not understand that the stipulated removal request he agreed to in 2006 included a waiver of a right to a hearing before an immigration judge ("IJ"), specifically because he signed the request without reading it after ICE officers told him he was required to sign, and that this unknowing waiver renders his underlying removal order a violation of due process. The BIA rejected this contention because it affirmed the IJ's factual determination that Madrigal's testimony that he lacked understanding of the stipulation was not credible.

We review the agency's adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). Although "only the most extraordinary circumstances will justify overturning an adverse credibility determination," *id.* at 1041 (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)), the agency must still "provide specific and cogent

2

reasons" supporting the determination. *Id.* at 1042.

The agency provided sufficient reasons here to discount Madrigal's testimony. As the BIA explained, Madrigal was fluent in English, was educated in the United States through the eleventh grade, and had numerous court experiences involving paperwork and understanding rights in a criminal setting. Madrigal also could not identify who misinformed him that he was required to sign the stipulated removal request. These facts are sufficient to support the agency's adverse credibility finding. And given that Madrigal's testimony was the sole evidentiary basis for the alleged due process violation, the BIA did not err in concluding that there was no gross miscarriage of justice in the 2006 proceedings.[1]

Petition for review **DENIED.**

---

[1] Contrary to Madrigal's assertions, if the agency's adverse credibility finding remains in place, he cannot demonstrate a due process violation, so we need not address whether he suffered prejudice from that alleged violation.